**OSBORN MALEDON**
A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2793

P.O. Box 36379
Phoenix, Arizona 85067-6379

Telephone   602.640.9000
Facsimile    602.640.9050

Maureen Beyers, No. 017134
OSBORN MALEDON, P.A.
2929 North Central Avenue
Phoenix, Arizona 85012-2793
(602) 640-9305
mbeyers@omlaw.com

Andrew J. Ceresney, No. AC2586 *(Admitted Pro Hac Vice)*
Philip A. Fortino, No. PF5996 *(Admitted Pro Hac Vice)*
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
ajceresney@debevoise.com
pafortino@debevoise.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF ARIZONA

| James H. Stark and Ricky P. Stark, | Case No.: 4:12-CV-00422-RCC |
|---|---|
| Plaintiffs, | |
| v. | **AFFIDAVIT OF PHILIP A. FORTINO** |
| UBS Financial Services, Inc, | |
| Defendant. | |

STATE OF NEW YORK   )
                    ) ss.
County of New York  )

   Philip A. Fortino, being duly sworn, deposes and says:

   1.   I am an associate of Debevoise & Plimpton LLP and represent Defendant UBS Financial Services, Inc. ("UBS") in this proceeding.

   2.   I submit this affidavit in opposition to the motion of Plaintiffs James H. Stark and Ricky P. Stark (the "Starks") to vacate or remand the arbitration award

issued on April 4, 2012 in an arbitration between UBS and the Starks (the "Award"), and in support of UBS' cross-motion to confirm the Award.

3. I was counsel for UBS in the arbitration proceeding and have personal knowledge of the facts set forth in this Affidavit.

4. Attached as Exhibit A is a true and correct copy of the Statement of Claim filed by Ricky Peter Stark on or about February 19, 2010.

5. Attached as Exhibit B is a true and correct copy of the Answer, Affirmative Defenses, Counterclaim and Third-Party Claim of UBS Financial Services, Inc. filed on or about April 16, 2010.

6. Attached as Exhibit C is a true and correct copy of the Answers, Affirmative Defenses, and Amended Claims and Counterclaims of Ricky Peter Stark and James H. Stark filed on or about June 15, 2010.

7. Attached as Exhibit D is a true and correct copy of page 789 of the arbitration transcript.

8. Attached as Exhibit E are true and correct copies of pages 799 through 804 of the arbitration transcript.

9. Attached as Exhibit F are true and correct copies of pages 188 through 190 of the arbitration transcript.

10. Attached as Exhibit G is a true and correct copy of page 408 of the arbitration transcript.

11. Attached as Exhibit H is a true and correct copy of page 531 of the arbitration transcript.

12. Attached as Exhibit I are true and correct copies of pages 606 through 607 of the arbitration transcript.

13. Attached as Exhibit J is a true and correct copy of page 211 of the arbitration transcript.

14. Attached as Exhibit K is a true and correct copy of the Award.

15. Attached as Exhibit L is a true and correct copy of an email from the Starks' counsel to me dated May 18, 2012.

16. Attached as Exhibit M is a true and correct copy of page 189 of the arbitration transcript.

17. Attached as Exhibit N are true and correct copies of FINRA Rule 13302 and FINRA's Submission Agreement.

18. Upon receipt of the Award, UBS retrieved the drive containing the data backup it created when the Starks left the firm. The backup, which was contained on a USB thumb drive, contained approximately 1.4 GB of data apparently containing the Goldmine Data. The file, however, was corrupted and could not be opened.

19. UBS advised the Starks' counsel of the condition of the data, but offered to produce it and permit the Starks to retain any data they could retrieve from the drive, including both the ten-year-old data that the Panel awarded to the Starks as well as any more recent data on the drive. The Starks' counsel refused to accept the drive.

20. UBS subsequently retained a vendor, at its expense, in order to recover the data. The data recovery was successful, and the data was exported into a series of HTML files, which could be opened using an Internet browser. As a byproduct of the recovery operation, the files contained a significant amount of random characters in between records, but the records themselves are visible and all of the files are fully searchable. UBS subsequently tendered the recovered files to the Starks and, later, supplied them with the original corrupted file.

21. UBS could not locate any backup of the Goldmine Software. UBS' counsel advised the Starks' counsel that the software was not available. UBS, through counsel, also offered to purchase the Goldmine Software and produce it to the Starks. The Starks' counsel stated that the Starks would not accept a store-bought copy of the software.

22. As of the date of this Affidavit, the Starks have paid no part of the sums awarded UBS under the Award and have refused to do so.

DATED this 13 day of July, 2012.

_____
Philip A. Fortino

SUBSCRIBED AND SWORN to before me on this 13th day of July, 2012.

My Commission Expires:

12/27/2014

_____
Notary Public

LINDA JEAN MARTIN
NOTARY PUBLIC, State of New York
No. 01MA4639991
Qualified in New York County
Certificate Filed in New York County
Commission Expires Dec. 27, 2014

4