IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Stark and Ricky Stark,<br><br>    Plaintiffs,<br><br>vs.<br><br>UBS Financial Services Inc.,<br><br>    Defendant. | No. 12-CV-422-TUC-RCC<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion to Vacate Arbitration Award (Doc. 1) and Defendant's Cross Motion to Confirm Arbitration Award (Doc. 11). The motions have been fully briefed and are ready for decision by the Court.

**BACKGROUND**

Plaintiffs James and Ricky Stark are former employees of Defendant UBS Financial Services ("UBS"). In 2009, Plaintiffs left the employ of UBS, and UBS kept Plaintiffs' computer, software ("Goldmine"),[1] and a database of client information maintained in the Goldmine software.

Plaintiff Ricky Stark commenced arbitration against UBS by filing a Statement of Claim with the Financial Industry Regulation Authority ("FINRA") on February 19, 2010.

---

[1] Goldmine is a client management program which Plaintiffs used to maintain client data.

1  The Statement of Claim sought expungement from his FINRA record of two customer
2  complaints concerning alleged misrepresentations he made while working at UBS.  UBS
3  disputed Stark's claims and made several counterclaims against him and his brother James
4  Stark regarding a series of promissory notes the Starks executed or assumed during their
5  employment with UBS but refused to pay once the notes became due upon termination of
6  their employment with UBS.

7  The arbitration panel ultimately found that James Stark was liable to UBS for
8  $121,368.69 for unpaid principal and interest on the promissory notes, Ricky Stark was liable
9  for $46,122.10 for unpaid principal and interest on the promissory notes, and that both
10 brothers were jointly and severally liable for $20,000.00 in collection costs.  The panel
11 ordered UBS to return "[t]he 'Goldmine' software program removed from [Plaintiffs'
12 computer]" and to return "[t]he contacts or data entries." (Doc. 12-1)  The panel denied the
13 Starks' claim for damages for UBS's retention of the Goldmine software "because UBS acted
14 in good faith, albeit erroneously." (Doc. 12-1)

15 Soon after, UBS discovered that the client files were corrupted and could not be
16 accessed.  UBS paid to have the files restored and "exported into a series of HTML files,
17 which could be opened using an Internet browser." (Doc. 11) UBS concedes that "the
18 [restored] files contained a significant amount of random characters in between records, but
19 the records themselves are visible and all of the files are fully searchable." (Doc. 11)
20 Plaintiffs refused to accept the restored files, and also refused UBS's offer to either purchase
21 a new copy of the Goldmine software for Plaintiffs' use or pay Plaintiffs the value of the
22 software.  Plaintiffs maintained that they needed the original copy of Goldmine that was
23 wiped from their computers because that software had been customized to their specific
24 needs.

25 Plaintiffs now move for the Court to vacate the arbitration award pursuant to Section
26 10 of the Federal Arbitration Act ("FAA").

27 **STANDARD OF REVIEW**
28 Federal court review of arbitration awards is limited and courts are permitted to make

- 2 -

only a "restricted review" of arbitral decisions. *E.g.*, *Rostad & Rostad Corp. v. Investment Mgmt. & Research Inc.*, 923 F.2d 694 (9th Cir. 1991) (citation omitted). The Ninth Circuit has consistently held that sections 10 and 11 of the FAA provide the exclusive means by which an arbitration award may be vacated or modified. *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 664 (9th Cir. 2012). A district court may vacate an arbitration award *only*:

> (1) where the award was procured by corruption, fraud or undue means;
>
> (2) where there was evidence partiality or corruption on the part of the arbitrators;
>
> (3) where the arbitrators were guilty of misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4) (emphasis added).

## DISCUSSION

Plaintiffs ask the Court to vacate the arbitration award under sections 10(a)(1) and 10(a)(4) of the FAA. In the alternative, Plaintiffs ask the Court to remand the case to the arbitration panel for clarification of the award.

A district court can only vacate an arbitration award pursuant to section 10 of the FAA. *Kyocera v. Prudential-Bache Trade Services*, 341 F.3d 987, 1000 (9th Cir. 2003) (holding that "a federal court may only review an arbitral decision on the grounds set forth in the Federal Arbitration Act" and that "[p]rivate parties have no power to alter or expand those grounds."). However, the Ninth Circuit has noted that a district court may remand to the arbitration panel an award that is so "fatally ambiguous" that it "adversely affect[s] a party's ability to understand or comply with the award." *Employers Ins. of Wasau v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481, 1488, n.6 (9th Cir. 1991).

The Court finds that such a situation presents itself in this case. The arbitration panel found that Plaintiffs were entitled to the return of the client data and the Goldmine software. Although the panel did not specify a particular format for the return of Plaintiff's property,

presumably the panel intended for Plaintiffs to receive the property in a usable format. The data that Defendant was able to retrieve consists of lines and lines of raw, unsortable data. The only way Plaintiffs would be able to make any use of this data would be to re-enter years of client information into a new database. The Court does not believe that this is what the panel contemplated when it ordered the return of Plaintiffs' property. Therefore, the Court will confirm the portion of the award ordering Plaintiffs to pay UBS $187,490.79 in monetary damages, and remand the award as it relates to Plaintiffs' client files and Goldmine software so that the panel can decide whether any adjustments should be made to the award in light of the corrupted files and unavailability of the customized Goldmine software. Accordingly,

**IT IS ORDERED:**

(**1**) **Granting in part and denying in part** Plaintiffs' Motion to Vacate Arbitration Award (Doc. 1) and **granting in part and denying in part** Defendant's Cross-Motion to Confirm Arbitration Award (Doc. 11).

(**2**) The Arbitration Award is confirmed as to the monetary award to Defendant UBS. The portion of the Arbitration Award ordering the return of Plaintiffs' property is **remanded** to the arbitration panel for further review.

(**3**) That to the extent this order confirms the arbitration panel's monetary award to Defendant UBS in the amount of $187,490.79, the Clerk of Court shall enter judgment in favor of Defendant and close its file on this matter..

(**4**) That Plaintiffs shall deliver a copy of this order to the arbitration panel for further proceedings as discussed in the body of this order.

DATED this 15th day of November, 2012.

Raner C. Collins
United States District Judge