**LAW OFFICE OF ARMAND SALESE, PLLC**
**Armand Salese, SBN 003002**
1717 North Tucson Boulevard
Tucson, Arizona  85716
Telephone:  (520) 903-0825
Email:  as@saleselaw.com

**HARALSON, MILLER, PITT,**
**FELDMAN & McANALLY, PLC**
**Gerald Maltz, SBN 4908**
One South Church Avenue, Suite 900
Tucson, Arizona  85701
Telephone:  (520) 792-3836
Facsimile:  (520) 624-5080
Email:  gmaltz@hmpmlaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES H. STARK and RICKY P. STARK,<br><br>          Plaintiffs,<br><br>     v.<br><br>UBS FINANCIAL SERVICES, INC.,<br><br>          Defendant. | NO. CIV12-422 TUC-RCC<br><br>**REPLY ON MOTION FOR RELIEF FROM JUDGMENT AND ORDER** |

   The Response (Dkt. 20) argues that Rule 54(b) certification is proper because the claims of the parties against each other are separable.  But it ignores the fact that the Judgment does not contain the requisite certification, *i.e.*, that there is "no just reason for delay" in entering a "final judgment" on fewer than all the claims.  Absent that expressed determination, the judgment "shall not terminate the action."  Rule 54(b).

   The Rule should be strictly applied.  *E.g.*, *Frank Briscoe v. Morrison-Knudsen*, 776 F.2d 1414, 1416 (9th Cir. 1985) (appeal dismissed because "district

court's 54(b) certification was not valid.  It never made a requisite 'express' determination that there was no just reason for delay"); *Morrison-Knudsen v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) (separate judgment reversed where district court did not "make the findings and determinations which are predicates for an appropriate entry of a judgment under Rule 54(b)").

Rule 54(b) does not provide for *nunc pro tunc* certification.  And UBS has not moved to amend the Judgment for that purpose.  Accordingly, regardless of UBS's hypothetical argument that certification would be proper, the Judgment should be vacated.  Rule 54(b); *Briscoe*; *Morrison-Knudsen*.

Assuming, for purposes of argument, that UBS had moved for 54(b) certification, its argument should nevertheless fail.  It fails to carry its burden of proving that this is an unusual case in which it faces risk of hardship or injustice which justifies deviation from the policy against piecemeal adjudication.  As stated by the Ninth Circuit in *Morrison-Knudsen*:

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.  The trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its Order. * * * Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings.

The Sixth Circuit refers to the same standard as limiting a 54(b) certification to the "infrequent harsh case." *General Acquisition v. Gencorp.*, 23 F.3d 1022, 1027 (6th Cir. 1994) (By limiting interlocutory appeals under Rule 54(b) to

"infrequent harsh cases," courts can alleviate hardship resulting from unnecessary delay without undermining "the historic federal policy against piecemeal appeals"), citing *Curtiss-Wright v. General Elec.*, 446 U.S. 1, 8 (1980).

*Curtiss-Wright* dealt with such an infrequent harsh case. There, the district court "found that Curtiss-Wright would suffer severe daily financial loss from nonpayment of the $19 million judgment because current interest rates were higher than the statutory pre-judgment rate, a situation compounded by the large amount of money involved." *Id*. at 5. That outweighed other factors against granting 54(b) certification. *Id.*

Nothing like the unusual situation faced by *Curtiss-Wright* is faced by UBS here. It makes no claim of hardship if it has to wait for credit of $187,490 pending adjudication of the Starks' claim against UBS for $1,216,210. Nor can it. It is part of the multi-billion dollar global (and notorious) UBS Swiss banking conglomerate.

Furthermore, UBS's argument that the Stark data which it coveted and appropriated is "worthless" is an *ipse dixit* argument without evidentiary support. Mr. Stark's Declaration is not contradicted by evidence. Nor is its admissibility challenged. And the issue is for the panel.

Moreover, although the fact that the Starks' claim against UBS exceeds UBS's claim against them may not be conclusive on the issue of 54(b) certification, it is a factor that contraindicates certification. *E.g.*, *General Acquisition* at 1030 (the non-exhaustive list of factors which should be considered includes "the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final").

That relevant factor should be given particular weight here because UBS's forgivable loan claim and the Starks' claims against UBS have, as a practical and historical matter, been interrelated. See Reply Declaration attached.

## CONCLUSION

The Response fails to demonstrate a compelling reason for the Court to deviate from the strong policy against 54(b) certification. The ultimate victor in this case is yet to be determined. There is no compelling reason for a second lawsuit to confirm (or disaffirm) the final award of the arbitrators. That would be contrary to the strong policy of judicial economy. The motion should be granted.

In the event of an amended 54(b) judgment in favor of UBS, the Court should stay it in accordance with Rule 62(h).[1]

Dated this 2nd day of January, 2013.

        LAW OFFICES OF ARMAND SALESE, PLLC
        -and-
        HARALSON, MILLER, PITT,
        FELDMAN & McANALLY, PLC


        By /s/Gerald Maltz_____
          Gerald Maltz
          Attorneys for Plaintiffs


I certify that I electronically transmitted
the foregoing document to the Clerk's Office
using the CM/ECF System on January 2, 2013.

/s/ Nancy Cohn
Nancy Cohn

---

[1] Notice of Errata. In fn. 1 at p. 4 of the Motion (Dkt. 20) the citation should have been to *Curtiss-Wright*, 446 U.S. at 12-13, fn. 3.